IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| CARESTREAM HEALTH HOLDINGS, INC., *et al.*,[1] | ) ) ) | Case No. 22-10781 (JKS) |
| Reorganized Debtors. | ) ) ) ) ) ) | (Formerly Jointly Administered under Lead Case: *In re Carestream Health, Inc.*, Case No. 22-10778 (JKS)) **Re: Docket No. 28** |

### FINAL DECREE AND ORDER (I) CLOSING THE CHAPTER 11 CASE OF CARESTREAM HEALTH HOLDINGS, INC., (II) TERMINATING CLAIMS AND NOTICING SERVICES, AND (III) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned reorganized debtors (collectively, the "Reorganized Debtors," and prior to the effective date of their chapter 11 plan, the "Debtors") for entry of a final decree (this "Final Decree") (a) closing *In re Carestream Health Holdings, Inc.*, No. 22-10781 (JKS) (the "Remaining Case"), (b) terminating the Claims and Noticing Services provided by KCC in connection with the Chapter 11 Case and the chapter 11 cases of the other Debtors, and (c) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court

---

[1] The Reorganized Debtor in these chapter 11 cases, along with the last four digits of the Reorganized Debtor's federal tax identification number is: Carestream Health Holdings, Inc. (7822). The location of the Reorganized Debtor's service address is: 150 Verona Street, Rochester, New York 14608. On November 10, 2022, the Court entered an order [Docket No. 245] closing the chapter 11 cases of the Reorganized Debtors other than Case No. 22-10781 (JKS).

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

KE 92379933

having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Reorganized Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Reorganized Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth in this Final Decree.

2. The chapter 11 case of Carestream Health Holdings, Inc., Case No. 22-10781 (JKS) is hereby CLOSED effective as of the date of the entry of this Final Decree.

3. The entry of this Final Decree is without prejudice to the rights of the Reorganized Debtor, the U.S. Trustee, or any other party to seek to reopen the Chapter 11 Case for cause pursuant to section 350(b) of the Bankruptcy Code.

4. The Reorganized Debtor shall file and serve on the U.S. Trustee any remaining quarterly reports and pay any quarterly fees due and owing pursuant to 28 U.S.C. § 1930(a)(6) in the Chapter 11 Case within thirty (30) days of the entry of this Final Decree. Entry of this Final Decree is without prejudice to the rights of the U.S. Trustee to reopen the Chapter 11 Case to seek appropriate relief in the event of an unresolved dispute over the payment of fees pursuant to 28 U.S.C. § 1930(a)(6) or the post-confirmation reports.

5. The Clerk of the Court shall enter this Final Decree on the docket of the Chapter 11 Case, and thereafter such docket shall be marked as "Closed."

KE 92379933

6. Subject to the performance of any obligations of KCC pursuant to this Final Decree, KCC's services as claims and noticing agent for the Chapter 11 Case and the chapter 11 cases of the other Debtors are hereby terminated, and KCC shall be deemed formally discharged as claims and noticing agent for the Chapter 11 Case and the chapter 11 cases of the other Debtors without further order of this Court.

7. Pursuant to Local Rule 2002-1(f)(ix), within twenty-eight (28) days of the entry of this Final Decree, KCC shall: (i) forward to the Clerk of the Court an electronic version of all imaged claims; (ii) upload the creditor mailing list into CM/ECF; and (iii) docket a final claims register.

8. The Reorganized Debtor and its agents are authorized to take all actions necessary to effectuate the relief granted pursuant to this Final Decree in accordance with the Motion.

9. This Court shall retain jurisdiction to hear and determine any matters or disputes related to the Chapter 11 Case, including without limitation any matters or disputes relating to the effect of discharge and/or injunction provisions contained in the Plan and/or the Confirmation Order.

10. Notwithstanding the relief granted in this Final Decree and any actions taken pursuant to such relief, nothing in this Final Decree shall be deemed: (a) an admission as to the amount of, basis for, or validity of any claim against the Reorganized Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the rights of the Reorganized Debtors or any other parties in interest to dispute any claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an assumption, adoption, or rejection of any agreement, contract, or lease under section 365 of the Bankruptcy Code; (e) an admission as to the validity, enforceability, or perfection of any lien on, security interest in, or other

encumbrance on property of the Reorganized Debtors' estates; (f) a waiver of any claims or causes of action that may exist against any entity; or (g) a waiver or limitation of the rights of the Reorganized Debtors or any other parties in interest under the Bankruptcy Code or any other applicable law.

11. Nothing in this Final Decree shall change the amount or nature of any distribution, or any other substantive rights, that any claim against or interest in any Debtor would have been entitled to under the Plan, the Confirmation Order, the Bankruptcy Code, the Bankruptcy Rules, or otherwise, had this Final Decree not been entered.

12. Notwithstanding any Bankruptcy Rule to the contrary, the terms and conditions of this Final Decree shall be immediately effective and enforceable upon its entry.

13. The Reorganized Debtors and their agents are authorized to take all actions necessary to effectuate the relief granted in this Final Decree in accordance with the Motion.

14. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Decree.

Dated: January 30th, 2023
Wilmington, Delaware

J. KATE STICKLES
UNITED STATES BANKRUPTCY JUDGE

KE 92379933